**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION**

| | | |
|---|---|---|
| BOBBY L. CHAVIS, JR., | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CV 126-126 |
| | * | |
| COLUMBIA COUNTY DETENTION CENTER, | * | |
| | * | |
| | * | |
| Respondent.[1] | * | |

**O R D E R**

On July 13, 2026, Petitioner filed a petition for a writ of habeas corpus docketed as a petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) As discussed further, *infra* pp. 2-3, the Court construes the petition as a request for habeas corpus relief brought pursuant to § 2254. Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **DISMISSES** this case without prejudice and **CLOSES** this civil action.

[1] Petitioner names the Columbia County Detention Center, where he is incarcerated, as the Respondent. See doc. 1 at 1. The proper respondent in a § 2254 petition is "the state officer who has custody" of the petitioner. Rule 2(a), Rules Governing § 2254 Cases. As a result, the proper Notice Only Party would be the Attorney General of the State of Georgia the Clerk of Court is **DIRECTED** to update the docket accordingly. The Court might grant Petitioner an opportunity to amend to name his custodian as respondent. See Retic v. United States, 215 F. App'x 962, 965 (11th Cir. 2007) (citing West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973)). Since, as discussed below, it is clear that the grounds asserted in the Petition are unexhausted, the issue of naming the proper respondent is moot.

## I. BACKGROUND

In his petition, Petitioner states he is currently serving a sentence after having been revoked in Columbia County Superior Court on June 1, 2026. (Doc. 1, p. 1.) Petitioner pled guilty on August 3, 2015, to sexual battery on a child under 16 and child molestation. See Columbia Clerk of Court – Web Docket, available at https://www.columbiaclerkofcourt.com/; select I Agree, select Criminal Search, search "Chavis, Bobby,"; choose Search; select Case No. 2014CR1143 (last visited Aug. 28, 2026). The Columbia County Superior Court Docket indicates that he was paroled on September 17, 2021, and that the Court held a revocation hearing on June 1, 2026. Id. Publicly available records from the Georgia Department of Corrections confirm Petitioner is currently serving a sentence for child molestation. See Georgia Department of Corrections, available at https://gdc.georgia.gov; select Offender Info Link, choose Find an Offender and then Search Now; select I agree - GO to the Offender Query; search last name "Chavis," and first name "Bobby"; choose Submit Form (last visited Aug. 28, 2026). Petitioner also states he filed an appeal with the Georgia Supreme Court and that this appeal is currently pending. (Doc. 1, p. 2.)

Petitioner signed the instant federal petition on June 10, 2026, claiming his probation was improperly revoked. (Id. at 7.) Petitioner's filing is unclear as to whether he is challenging only the 2026 probation revocation, or if he is challenging the sentence initially imposed in 2014. However, regardless of the exact nature

of his challenge, he has failed to exhaust his available remedies, and his petition must be **DISMISSED**.

## II. DISCUSSION

### A. Nature of the Petition

The form petitioner used is a standard form for habeas corpus cases in state court which was docketed in this Court as a petition pursuant to 28 U.S.C. § 2241. Although "'both Sections 2241 and 2254 authorize [petitioner's] challenge to the legality of his continued state custody,' . . . allowing him to file his 'petition in federal court pursuant to Section 2241 without reliance on Section 2254 would . . . thwart Congressional intent.'" Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003) (quoting Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)). Where "state prisoners 'in custody pursuant to the judgment of a State court'" petition for a writ of habeas corpus, "the prisoner is subject to [] section [2254]'s restrictions." Id. at 1060-61 (quoting § 2254(a)). Because Petitioner's request for relief does not fall into the narrow category of cases where a state prisoner is subject only to the provisions of § 2241, Petitioner is subject to the restrictions imposed by § 2254. See Medberry, 351 F.3d at 1058-62 (finding where a state prisoner is in custody pursuant to a state court judgment, § 2254 reaches "challenges to the execution of a sentence").

Accordingly, as Petitioner is in custody pursuant to a state court judgment, the Court construes Petitioner's filing as a request for habeas corpus relief brought pursuant to § 2254. See United

States v. Russell, 994 F.3d 1230, 1240 & n.9 (11th Cir. 2021) (recognizing Court's obligation to "look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework and, if so, recharacterize the motion based on the substance of the filing and the relief sought" (internal citations and quotation marks omitted)).

**B. The Exhaustion Requirement**

Regardless of whether Petitioner is seeking relief from his 2014 sentence[2] or from his 2026 revocation, his claim is not yet ripe for relief as an appeal is pending. Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the

[2] Indeed, if he is challenging his 2014 sentence, it appears likely that his claims is also untimely. Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). While this deadline can be tolled, see 28 U.S.C. § 2244(d)(2), the Court need not reach the question of timeliness because it is clear Petitioner's claim is unexhausted.

state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) (citation omitted). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087,

1088 (11th Cir. 1982). These provisions apply even when a Petitioner is seeking to challenge a probation revocation. See Singleton v. Barrow, 333 F. App'x 426, 428 (11th Cir. 2009) (*per curiam*)(noting in a petition stemming from a revocation proceeding that "[a] petitioner for § 2254 relief must exhaust state court remedies before [he] files his petition in federal court."); Sheets v. Bobbit, 2024 WL 6982165, *2 (N.D. Ga. June 10, 2024) (applying exhaustion requirements to an appeal from a probation revocation).

**C. Petitioner Failed to Exhaust State Remedies**

The instant petition should be dismissed because Petitioner has not exhausted state court remedies. Indeed, he concedes in his petition that he has an appeal currently pending. (Doc. 1, p. 2.) Thus, Petitioner has not even completed his direct appellate proceedings, let alone sought state habeas corpus relief. Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning alleged errors in his state criminal proceedings. See, e.g., Jones v. Medlin, 807 S.E.2d 849, 852-56 (Ga. 2017) (challenging prosecution's failure to disclose purported exculpatory evidence under Brady); Chatman v. Mancill, 626 S.E.2d 102, 111 (Ga. 2006) (discussing due process violations based on alleged delay in state criminal proceedings); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions);

O.C.G.A. § 5-6-25(a)(5) detailing procedures for appeals from orders revoking probation.

Moreover, it is improper to attempt to circumvent the state courts in favor of moving directly to the federal courts. Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[3]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v.

[3] Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id. Here, Petitioner's direct appeal was filed less than three months ago, and Petitioner has not alleged or offered any evidence of undue delay in his state proceedings.

In sum, it is clear that Petitioner has not completed his direct appeal proceedings, let alone moved forward with a state habeas petition. Requiring exhaustion will allow for factual development of the claims and provide the state courts the first opportunity to correct any alleged constitutional violations. As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition is **DISMISSED** without prejudice.

**D. Certificate of Appeal**

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case. Moreover,

because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

**III. CONCLUSION**

For the reasons set forth above, the Court **DISMISSES** this case without prejudice and **CLOSES** this civil action. The Court also **DENIES** a COA in this case and Petitioner is not entitled to appeal *in forma pauperis*.

**ORDER ENTERED** at Augusta, Georgia, this 31st day of August, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA